SETH MAYO, Appellant, *v.* Z. N. STANSBURY,
Respondent.

The owner of a chartered vessel has no general lien upon the cargo for the charter price.

Where a suit is brought upon a bill of lading made to the plaintiff jointly with another, the plaintiff has no separate cause of action.

APPEAL from the Superior Court of the City of San Francisco.

This action was brought to recover the two equal third parts of 54,581 feet of lumber, which the plaintiff alleged the defendant unlawfully refused to deliver to him, and was about to convert to his own use.

The contract upon which the action was founded is dated 21st November, 1851, and recites as follows:—

" Shipped in good order, &c., by Alonzo Leland and Seth Mayo, on board the bark Louisiana, whereof Z. N. Stansbury is master for this voyage, now lying in Columbia River, and bound for San Francisco, 138,455 feet of lumber, marked, &c., to be delivered at the said port unto S. R. & J. N. Pine, they paying freight at $17 per thousand, with 5 per cent. primage and average, as ascertained." And the following is endorsed thereon.

" The instrument of the charter-party is the contract between the owner of the bark and said party, and governs them in relation to the sum to be paid to the said owner.

Signed,  " Z. N. STANSBURY."

The plaintiff owned the undivided two-thirds of the lumber, and Leland the other third. Leland chartered the vessel. On the arrival of the vessel at San Francisco, a large portion of the lumber was delivered, and part of the freight was paid. There still remained on board the vessel 54,581 feet of the lumber, and there was due of the freight about $1460. Pine & King, agents of plaintiff and Leland, then offered to pay defendant $1500 for freight and charges upon the delivery of the lumber, which

30

he refused, insisting that he had a lien on the lumber for the money due from Leland on the charter-party. After which plaintiff tendered a little more than two-thirds of the freight-money on the whole quantity of lumber shipped, which defendant refused, and plaintiff then brought this suit for two-thirds of the remaining lumber, and brought his tender into court.

The court below held that the lien upon the cargo was not discharged by the charter-party, but was good upon the cargo of Leland to the extent of the freight, as stipulated by the bill of lading.

2d. That one of the joint owners of a cargo jointly shipped without specification of the shares held by each, could not by tendering his share of the freight, recover the whole of his share of the cargo, " that every part and parcel of the articles described in a bill of lading is liable for the freight-money due on the whole." " Every foot and inch of this lumber was subject to the lien for the balance of the freight due for the whole."

The court ordered judgment for defendant, and plaintiff appealed.

*Platt*, for appellant.

When the property sued for is capable of division, and the rights of parties can be determined with certainty, each owner may sue without joining the other: Archbold's Pleading, 55, and 57. The position, that the ₜplaintiff could not demand his share of the lumber until he had paid the whole freight of the cargo, is contrary to all authority. Paul *v.* Birch, 2 Atk. 621; Abbott on Shipping, 364, 288; 3 M. & S. Rep. 205; 2 Mer. Rep. 401; 4 Comp. R. 298; 18 Johns. 157; 3 Kent's Com. 5 Ed. 220, 221; 6 Pick. 248; Ware's Rep. 265, 266; 1 Hull. Rep. 375.

*Clarke, Taylor,* and *Bickle,* for respondent.

The sum tendered and brought into court only covered two-thirds of the freight.

If plaintiff and Leland were joint owners and joint freighters, and the contract was joint, it could not be changed into a several contract at the pleasure of either party.

The freight must be determined by the charter-party. And

it is not denied that defendant had a lien for the freight as against the appellant.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

It is true, as insisted, that the owner of a chartered vessel has no general lien upon the cargo for the chartered price, but this suit is brought upon a bill of lading made to the plaintiff jointly with one Leland. It is clear that the plaintiff has no separate cause of action, and it follows that the judgment must be affirmed. So ordered.